```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FLORENCE PRIGENT,

                    Plaintiff,

          -against-                          MEMORANDUM & ORDER
                                             01-CV-7500(JS)(ETB)
WINTHROP UNIVERSITY HOSPITAL
ASSOCIATION d/b/a/ Winthrop
University Hospital and Winthrop
Cardiology Associates, P.C. and
RICHARD STEINGART,

                    Defendants.
----------------------------------------X
Appearances:
For Plaintiff:      Rosen Leff, LLP
                    David M. Fish, Esq.
                    105 Cathedral Avenue
                    P.O. Box 2360
                    Hempstead, New York  11550

For Defendants:     Mary Ellen Donnelly, Esq.
                    Putney, Twobly, Hall & Hirson, LLP
                    521 Fifth Avenue
                    New York, New York 10175
```

SEYBERT, District Judge:

On November 9, 2001, Plaintiff Florence Prigent ("Plaintiff") commenced this action in the United States District Court for the Eastern District of New York, pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), the New York State Executive Law § 296 and the Equal Pay Act, against Defendants Winthrop University Hospital Association d/b/a Winthrop University Hospital and Winthrop Cardiology Associates, P.C. and Richard Steingart, M.D. (collectively "Defendants"). Plaintiff alleges that the Defendants

discriminated against her on the basis of her sex, national origin and/or disability. Plaintiff further alleges claims of retaliation, breach of contract, and tortious interference with contract.

In a September 15, 2004 Order ("September Order"), the Court granted in part, and denied in part Defendants' motion for summary judgment. Currently pending before this Court is the Defendants' motion for reconsideration of the Court's September Order. For the reasons set forth herein, Defendants' motion is DENIED.

Factual Background

The parties are familiar with the facts of this case and specific reference is made to the September Order.

Legal Standard

Local Civil Rule 6.3 provides that:

> A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

LOCAL CIV. R. 6.3. In considering such a motion, the standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995) (citations omitted). This Court cannot merely consider the same arguments that were previously fully briefed. See Ruiz v. Commissioner of the D.O.T. of the City of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988). This Court must find that it overlooked facts or controlling precedent which "would have mandated a different result." Bell Sports, Inc. v. System Software Assocs., 71 F. Supp. 2d 121, 126 (E.D.N.Y. 1999)(quoting Durant v. Traditional Investments, Ltd., No. 88-CV-9048, 1990 U.S. Dist. LEXIS 4768, at *1 (S.D.N.Y. April 25, 1990)).

It is within this standard that the Court considers the instant motions for reconsideration.

Discussion

To establish a prima facie case for retaliation, a plaintiff must show: "(1) that she was engaged in protected activity by opposing a practice made unlawful by Title VII; (2) that the employer was aware of that activity; (3) that she suffered adverse employment action; and (4) that there was a causal connection between the protected activity and the adverse action." Holtz v. Rockefeller & Co., 258 F.3d 62, 79 (2d Cir. 2001). The parties do not dispute that Plaintiff satisfied the first two requirements; Plaintiff filed internal complaints about Dr. Steingart, filed a Charge of Discrimination with the Equal

Employment Opportunity Commission, and initiated this lawsuit on November 8, 2001. The Defendants were aware of Plaintiff's activities. At issue here is whether Plaintiff satisfies the second two requirements.

An adverse employment action is something "more disruptive than a mere inconvenience or an alteration in job responsibilities." Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004)(quoting Galabya v. New York City Bd. of Ed., 202 F.3d 636, 640 (2d Cir. 2000)). Some examples of adverse employment actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities, Id. (quoting Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993)), however there may be other indices that are unique to a particular situation. See id. Indeed, an employer can make a job undesirable without effecting termination or a reduction in money or benefits. See Wanamaker v. Columbian Rope Co., 108 F.3d 462, 466 (2d Cir. 1997). Whether there is a causal connection between the protected activity and the adverse actions may be established "indirectly with circumstantial evidence, for example, by showing that the protected activity was followed by discriminatory treatment or through evidence of disparate treatment of employees who engaged in similar conduct or directly through evidence of retaliatory animus." Sumner v. U.S.

Postal Service, 899 F.2d 203, 209 (2d Cir. 1990).

Plaintiff claims that, after seeking accommodations for her disability and subsequently filing the internal complaint and the Charge of Discrimination with the EEOC, the Defendants diminished her authority and status, increased the number of stress tests that she had to complete to an unreasonable level, threatened to make her a "simple reader in nuclear cardiology", and sent false and misleading memos to Dr. Pad, Chief of Cardiology, and Dr. Niederman, Acting Chairman of the Department of Medicine, in an effort to undermine her credibility.  Plaintiff specifically alleges that Dr. Steingart wrote a memo to Dr. Pad in which he "grossly mischaracterized" her performance, falsely accused her of responding inappropriately to a request for a written report, and alluded to discussions with Plaintiff that never occurred. Plaintiff also states that, despite being previously notified that Plaintiff was going on vacation to plan for her son's upcoming wedding, Dr. Steingart wrote another memo to Dr. Pad, dated October 1, 2001, in which he complained that Plaintiff had gone on vacation and did not arrange suitable coverage for her absence. Ultimately, whether Defendants committed these acts is a question for the trier of fact.  If the trier of fact determines that Defendants committed these acts with an eye toward effecting Plaintiff's termination, those actions could constitute adverse employment action.  It is possible that a reasonable trier of fact

might find that these actions resulted from the Plaintiff's filing of the internal complaint and EEOC charge.

Defendants argue that the alleged actions, even if proven true, are not within the meaning of adverse employment action as defined by Title VII. Instead, Defendants characterize the adverse employment action as being limited to Plaintiff's termination. They contend that the termination solely resulted from Plaintiffs failure to fulfill her duties as an employee. However, whether Plaintiff adequately fulfilled her job duties is an issue of fact that cannot be determined on a motion for summary judgment. In addition, Title VII is violated when "'a retaliatory motive plays a part in [the discharge] whether or not it was the sole cause [or] when an employer is motivated by retaliatory animus, even if valid objective reasons for the discharge exist.'" Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1177—78 (2d Cir. 1996) (quoting Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993). Thus, even if Defendants have demonstrated that there was a valid reason for Plaintiff's termination, the question of whether retaliation played any role in Plaintiff's termination is an issue that cannot be resolved on summary judgment.

Defendants' motion for reconsideration of the other claims is similarly unconvincing. The Defendants do not dispute this Court's prior finding that Plaintiff is qualified with a disability under the New York Human Rights Law. Thus, the success

of Plaintiff's remaining claims depend on whether Plaintiff was properly performing her job responsibilities and whether Defendants' actions constituted adverse employment actions. Both of these questions cannot be determined by this Court on a motion for summary judgment; they must be resolved by the trier of fact.

Conclusion

Defendants have failed to meet the strict standard for a motion for reconsideration. The Defendants' motion fails to allege controlling decisions or issues of fact that this Court has previously overlooked. Instead, Defendants attempt to reargue the issues previously decided. Accordingly, for all of the aforementioned reasons, the Defendants' motion for reconsideration is DENIED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
April 20, 2005